United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SHANE PERRY,

Plaintiff,

vs.

SAN FRANCISCO COUNTY JAIL, et al.,

Defendants.
_______________________________/

No. C 09-05461 PJH (PR)

**ORDER GRANTING MOTION TO EXTEND TIME TO AMEND, DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff, who is now at Avenal State Prison, wrote to the court describing problems at the San Francisco County Jail, where he formerly was housed. In an effort to protect plaintiff's rights, the letter was treated as an attempt to open a new case. The court reviewed the letter, concluded that it did not state a claim, and dismissed with leave to amend. Plaintiff has amended. The amended complaint now will be reviewed under 28 U.S.C. § 1915A(a) to determine if it should be served.

**DISCUSSION**

**A. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. . In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

United States District Court
For the Northern District of California

the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted). Although in order to state a claim a complaint “does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. The United States Supreme Court has recently explained the “plausible on its face” standard of *Twombly*: “[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.” *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). However, complaints in pro se prisoner cases, such as this one, must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard. *Hebbe v. Miller*, 602 F.3d 12020, 1205 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Analysis**

In the order dismissing the complaint/letter with leave to amend, the court said:

> Plaintiff’s letter describes some potentially serious claims, such as use of excessive force, but does not say who is intended to be the defendants or exactly what claims plaintiff wishes to pursue. He also has written several additional letters to the court; it is not possible to ascertain whether he intends these to assert additional claims. The letter, treated as the complaint, will be dismissed with leave to amend on the court’s form for prisoner Section 1983 claims.

United States District Court
For the Northern District of California

The amended complaint is 59 pages long and is supported by 170 pages of exhibits. It includes claims against seventeen named defendants and many John Does. Despite the court's statement in the initial review order that the amendment should be on the court's form for section 1983 complaints, it is not on the form. This is not necessarily fatal, as long as everything that the form calls for is included in the complaint, as appears to be the case, but the complaint suffers other deficiencies.

The complaint contains approximately thirty pages of very detailed factual allegations, followed by eight pages headed "Counts." In the latter section, plaintiff presents claims against specific defendants, but does not say where the facts can be found that support each claim. For instance, he writes that "[d]efendant, Senior deputy, _________ McCain racially discriminated against the plaintiff, violating the plaintiff's rights under the Equal Protection Clause of the 14th Constitutional Amendment of the United States of America," but it is unclear where in the lengthy fact section of the complaint the court might find facts to support this clam. And as to this claim and several others, it is not at all clear that there are *any* facts alleged in support. The complaint will be dismissed with leave to amend to specify what facts support each claim.

**C. Motion for Counsel**

Plaintiff has moved for appointment of counsel.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, see 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

United States District Court
For the Northern District of California

Plaintiff appears able to present his claims adequately, and the issues are not complex. The motion for appointment of counsel will be denied.

**CONCLUSION**

1. Plaintiff's third motion for an extension of time to amend (document number 29 on the docket) is **GRANTED**. The amendment is deemed timely.

2. The complaint is **DISMISSED** with leave to amend within thirty days to specify the facts that support each claim. The present complaint contains numbered paragraphs, so if plaintiff chooses to amend, he may simply modify the "Counts" section of the Amended Complaint to include paragraph numbers indicating where the facts can be found that support each allegation as to each defendant. The amended complaint must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He need not resubmit the exhibits attached to the amended complaint, however.

3. Plaintiff's motion for counsel (document number 36 on the docket) is **DENIED**.

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 23, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\PERRY5461.DWLTA2.wpd